UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON EUGENE
PROCTOR, M.D.,

             Plaintiff,

v.

BOARD OF MEDICINE et al.,

             Defendants.

_____/

Case No. 1:16-cv-82

HON. JANET T. NEFF

## OPINION

Pending before the Court is Plaintiff's Motion to Disqualify District Judge Pursuant to 28 U.S.C. § 144 and § 455 (Dkt 34).  Defendants have filed a Response in opposition (Dkt 37).  Having fully considered Plaintiff's arguments, the Court denies the motion.

### I.  Background

Plaintiff Vernon Eugene Proctor, M.D., moves to disqualify the undersigned from presiding over this case.  Plaintiff's motion is based on purported comments and conduct of the undersigned in proceedings in this case; in Plaintiff's related case, *Proctor v. Waldmiller*, 1:16-cv-413-JTN, which has since been dismissed by the parties' stipulation; and in a third unrelated case to which Plaintiff was not a party, but which involved Plaintiff's counsel, J. Nicholas Bostic, *Hill v. Whitford*, 1:12-cv-291-JTN, a case which was administratively closed in May 2015.  Plaintiff argues that the cited comments and conduct reflect a predetermination of the validity of the cases, convey the appearance of impropriety, and demonstrate a bias toward the plaintiffs in these cases.

## II. Analysis

28 U.S.C. § 144 provides for district judge recusal for bias:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144; *see Liteky v. United States*, 510 U.S. 540, 544 (1994).

28 U.S.C. § 455 likewise provides for recusal, stating in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

*See Bell v. Johnson*, 404 F.3d 997, 1004-05 (6th Cir. 2005) (addressing the standard under § 455(a)-(b)). Plaintiff does not distinguish any specific arguments concerning 28 U.S.C. § 144. In any event, as the Supreme Court explained in *Liteky*, 510 U.S. at 548, subsection (b)(1) of 28 U.S.C. § 455 entirely duplicates the grounds of recusal set forth in § 144 ("bias or prejudice), but (1) makes them applicable to *all* justices, judges, and magistrates (not just district judges), and (2) places the obligation on the judge to identify grounds for recusal, rather than requiring recusal only in response to a party affidavit. *Bell*, 404 F.3d at 1004 n.7. Accordingly, it is unnecessary to separately address bias or prejudice under § 144. *Id.*

The parties agree that the standard for recusal is an objective one. "'A district judge is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Bosley v. 21 WFMJ Television, Inc.*, 245 F. App'x 445, 453 (6th Cir. 2007) (quoting *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989)). Likewise, "[a]n affidavit filed under § 144 must 'allege[ ] facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party.'" *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (quoting *Gen. Aviation, Inc. v. Cessna Aircraft, Co.*, 915 F.2d 1038, 1043 (6th Cir.1990)). "[H]ence, the judge need not recuse himself based on the 'subjective view of a party,' no matter how strongly that view is held." *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

"Moreover, '[i]n order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial. Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases.'" *Bosley*, 245 F. App'x at 453 (quoting *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005) (internal citation and quotations marks omitted)); *see also Youn*, 324 F.3d at 423. *But see Bell*, 404 F.3d at 1005 (noting that in *Liteky*, the Supreme Court clarified that an extrajudicial source for a judge's opinion about a case or a party is neither necessary nor sufficient to require recusal, and instead is merely a thumb on the scale in favor of finding either an appearance of partiality under § 455(a) or bias or prejudice under § 455(b)(1)). It is within the district court's discretion not to recuse herself or to deny the affidavit of bias and prejudice under § 144. *United States v. Anderson*, 84 F. App'x 513, 516 (6th Cir. 2003) (citing *Sammons*, 918 F.2d at 599).

Plaintiff concedes that he makes no claim of "an extrajudicial source of knowledge or actual bias" (Pl. Mot., Dkt 34 at PageID.251).  Plaintiff instead argues that the "Court's [combined] actions convey the appearance of impropriety in this case" (*id.*, ¶ 6 at PageID.238).  He asserts that "a distinct impression of bias coalesces" because:

> a.  This Court has predetermined the success on the merits of the complaint for injunctive relief prior to a motion being filed and prior to any factual development.
>
> b.  This Court's resolution included a statement indicating not that Plaintiff's position was legally incorrect but that he was being "overly technical" even though federal privacy statutes and regulations were being analyzed.
>
> c.  A pattern of predetermination in civil rights cases has developed based upon the exchanges in *Proctor v. Waldmiller* and *Hill v. Whitford*.
>
> d.  A pattern of predetermination has occurred in two cases involving Plaintiff.
>
> e.  A pattern of predetermination has occurred in two cases involving Plaintiff's counsel.

(*Id.*, ¶ 26 at PageID.238).

Plaintiff's allegations underlying his motion consist primarily of comments by the Court concerning the merits of the claims in the three cases cited or the Court's rulings in the course of case proceedings.  First, with respect to this case, Plaintiff cites the Court's comment on the record of the March 3, 2016 preliminary injunction motion hearing in this case that "Plaintiff was being 'overly technical' in his application of the federal law and regulations" (Dkt 34 ¶ 8, at PageID.238). Plaintiff asserts that "[g]iven that full briefing had not yet occurred, no motion for summary judgment had yet been filed, and federal regulations by their very nature are highly technical in both their drafting and application, the Court's predetermination of the likely outcome of the complaint for injunctive relief is troubling" (*id.* ¶ 9).  However, a review of the record discloses that the Court's comments were made immediately following a hearing and ruling on Plaintiff's motion for

a preliminary injunction (Dkts 24-25; 3/3/16 Hrg. Tr., Dkt 26 at PageID.156-162, 167).  The Court

issued its findings and conclusions on Plaintiff's preliminary injunction motion from the bench,

which necessarily entailed a consideration of Plaintiff's case, i.e., the likelihood of success on the

merits (*see* Dkt 26 at PageID.160-161).  The Court then proceeded with a pre-motion conference and

consideration of Defendants' proposed dispositive motion (*id.* at PageID.162).  The Court made the

comment at issue in response to Plaintiff's counsel's arguments concerning the posture of his claims

and the relief sought.

Plaintiff's assertion that the comment is "troubling" because it was made in the absence of

"full briefing" and before a summary judgment motion is misleading and mischaracterizes the

procedural context of the comment (*id.* at PageID.162).  The Court had the benefit of full briefing

on Plaintiff's motion for a preliminary injunction, as well as pre-motion conference filings on the

merits of Plaintiff's claims, and oral argument from counsel (Dkts 3, 13-14, 17-18, 24-26).  In any

event, the cited comment reflects no personal prejudice or bias on the part of the undersigned and

provides no cognizable basis for disqualification.  "An opinion of the merits of the case, resulting

from a judge's experience with the case in the course of his or her official duties, is not sufficient

to justify § 455 recusal unless it demonstrates a 'deep-seated favoritism or antagonism that would

make fair judgment impossible.'"  *Bell*, 404 F.3d at 1006 (quoting *Liteky*, 510 U.S. at 555).  The

Court's isolated comment on the *nature* of Plaintiff's counsel's argument during the pre-motion

conference demonstrates nothing of the latter sort.

Plaintiff states that the "overly technical" comment is the only comment that has been on the record in open court.[1]  However, he cites additionally to other paraphrased comments and perceived conduct by the Court (body language and facial expressions), which he argues provide grounds for disqualification under the "totality of the circumstances" (Dkt 34 at PageID.251).

With respect to the subsequent related case, *Proctor v. Waldmiller*, Plaintiff asserts, for example, that a comment at the Rule 16 Conference that the action was frivolous and that the case is not a proper use of the federal courts—demonstrates the Court's bias toward Plaintiff and at least an appearance of impropriety.  Plaintiff further asserts that the case was assigned to the undersigned based on an erroneous determination that the case was related to the instant case, instead of being assigned to a judge based on a blind draw.  Plaintiff alleges that the Court entered a frivolous order to show cause why the case should not be dismissed for non-service based on assertions made in removal documents filed by Defendants (Dkt 5).

Again, Plaintiff's factual assertions are misleading, if not inaccurate.  The related case assignment was based on an independent review by a magistrate judge, on a form generated by the office of the Court Clerk pursuant to standard operating procedures, and in no way reflects impartiality or bias on the part of the undersigned to bypass the blind draw for cases.  Plaintiff's disagreement with the related-case determination does not render it erroneous.  The related case arises from the same underlying facts/transaction as the instant case.  Likewise, that Plaintiff

---

[1]Plaintiff asserts that it appeared that the Court recorded the Rule 16 conference in *Proctor v. Waldmiller* on a personal recording device (Dkt 34 at PageID.245).  No Rule 16 Conference was held in the *Waldmiller* case, although a status conference was held on June 23, 2016 and was attended only by counsel, the undersigned and the Court's law clerk (Dkt 13).  No personal recording devices are permitted or used during this Court's proceedings, and the Court is unable to discern any basis for Plaintiff's assertion.

prevailed in showing that his case was not subject to dismissal for non-service does not render the show-cause order "frivolous."

With respect to the unrelated case, *Hill v. Whitford*, which did not involve Plaintiff, Plaintiff takes issue with the Court's alleged "[l]imitation of evidence," which he contends was contrary to Sixth Circuit law and erroneous (Dkt 34 at PageID.245).  He asserts that the Court stated a troublesome predetermination of a civil rights case, because the Court asked Plaintiff's counsel whether he was using the lawsuit as a means of appealing housing violation notices, and then disagreed with Plaintiff's counsel's response that he was not.  Plaintiff asserts that the undersigned's body language and facial expressions in other exchanges with counsel in *Hill* left no doubt with the jury that this Court "was disenchanted with the Plaintiffs' case"[2] (Dkt 34 ¶ 24 at PageID.240).

Contrary to Plaintiff's argument, these circumstances provide no basis for disqualification under an objective standard.  Plaintiff's allegations would not convince a reasonable person that this Court has a personal bias or prejudice against Plaintiff or that this Court's impartiality might reasonably be questioned with respect to Plaintiff or civil rights cases in general.  As noted, Plaintiff's allegations underlying his motion consist primarily of this Court's comments concerning the merits of the claims presented in the cases cited or comments in the course of court rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.  The Court's colloquies with counsel divulge no bias against Plaintiff, particularly here, where made in the context of an assessment of counsel's arguments or positions on the issues. "[O]rdinary admonishments (whether or not legally supportable) to counsel" are inadequate grounds for recusal. *Id.* at 556.  Finally, to the extent Plaintiff takes issue with the Court's procedural rulings

---

[2]No trial occurred in *Hill* and no proceedings in *Hill* involved a "jury."

or comments intended to curtail argument or evidence, no path lies to disqualification.  A judge's

routine efforts at trial administration are immune to claims of bias or partiality.  *Id.*

The Court finds Plaintiff's allegations of bias and prejudice misplaced with respect to the

Court's comments or actions in the course of evaluating and adjudicating claims and issues raised

in the cited cases before the Court.  Nor do such comments and actions fall within the bounds of

conduct supporting disqualification of a judge for the appearance of impartiality, either separately

or under the totality of the circumstances, under an objective standard.

Plaintiff's motion for disqualification is denied.


Dated: December 5, 2016                          /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge